Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL X

| | | |
|---|---|---|
| JOSÉ M. ORTIZ COSME<br><br>Recurrido<br><br>V.<br><br>XAVIANA MOLINA FONSECA<br><br>Peticionaria | KLCE202301142 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón<br><br>Caso Núm.:<br>D CU2017-0187<br><br>Sobre:<br>Relaciones Filiales |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de noviembre de 2023.

El 13 de octubre de 2023, compareció ante este Tribunal de Apelaciones, la señora Xavianna Molina Fonseca (en adelante, parte peticionaria o señora Molina Fonseca), por derecho propio y en forma *pauperis*, mediante recurso de *Certiorari*. Por medio del mismo, la parte peticionaria nos solicita que revoquemos la *Orden* emitida el 8 de septiembre de 2023 y notificada el 11 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón. En virtud de la aludida *Orden*, el foro *a quo* le impuso a la parte peticionaria una sanción económica por la suma de trescientos dólares ($300.00).

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, por notificación tardía e inadecuada.

### I

El recurso que nos ocupa tiene su génesis en una *Demanda* sobre relaciones filiales, instada el 25 de abril de 2017, por el señor

José M. Ortiz Cosme (en adelante, parte recurrida o señor Ortiz Cosme).

Luego de varios trámites procesales innecesarios pormenorizar, el 20 de junio de 2023, el foro de primera instancia celebró una *Vista de Desacato*. Ello, debido al reiterado incumplimiento de la señora Molina Fonseca, con respecto a las relaciones paternofiliales. En la Vista, se acordó la integración del señor Ortiz Cosme en las citas médicas de la menor JOM, hija de las partes. Asimismo, el foro de primera instancia le concedió a la señora Molina Fonseca un término de cinco (5) días para que le informara las fechas de las citas médicas programadas para el mes de julio de 2023, lista de los médicos y números de teléfonos al señor Ortiz Cosme.

Transcurrido el término, el foro primario emitió una *Orden* el 17 de julio de 2023[1], en la cual, ordenó a las partes cumplir con lo ordenado en la vista del 20 de junio de 2023; para lo cual, les concedió un término improrrogable de diez (10) días. En vista de lo anterior, la parte recurrida solicitó a la parte peticionaria, mediante correo electrónico, el referido informe de fechas. Ante el incumplimiento de la parte peticionaria, el 28 de agosto de 2023, la parte recurrida interpuso una *Moción Informativa y en Solicitud de Orden por Incumplimiento de la Parte Demandada.*

Atendida la misma, el foro *a quo* emitió la *Orden* cuya revisión nos ocupa. En virtud de esta, dispuso lo siguiente:

> Ante el reiterado incumplimiento de la Sra. Molina a las órdenes dictadas por el Tribunal, se le impone la suma de $300.00 por sanciones económicas a favor del Estado. Se le apercibe que futuras violaciones serán sancionadas de forma más enérgica.

En desacuerdo con lo dictaminado, el 12 de septiembre de 2023, la parte peticionaria presentó *Moción en Solicitud de*

---

[1] Notificada el 19 de julio de 2023.

*Reconsideración.* Examinada la misma, el 13 de septiembre de 2023, la primera instancia judicial la declaró No Ha Lugar.

Inconforme, la parte peticionaria acudió ante este foro revisor mediante recurso de *Certiorari* y esgrimió el siguiente señalamiento de error:

> La peticionaria con el mayor de los respetos considera que este Honorable Tribunal no ha respetado su derecho a la defensa y a expresar su versión de los hechos antes de emitir la orden de sanción económica. "Ante tal escenario, somos del criterio que el TPI erró en su proceder al no permitir el ofrecimiento de prueba ya discutido, toda vez que se le privó de desfilar prueba que, con toda probabilidad, habría permitido llegar a un resultado distinto en el presente caso." AMADOR ARCE v. ARANDA PAMBLANCO (KLAN201701101) 20 DE JUNIO DE 2019.

El 18 de octubre de 2023, emitimos *Resolución*, mediante la cual le ordenamos a la parte peticionaria que, en o antes del 23 de octubre de 2023, nos acreditara haber notificado copia del recurso al Tribunal de Primera Instancia de conformidad con la Regla 33(A)[2], y a la parte recurrida, de conformidad con la Regla 33(B)[3] del Reglamento de este Tribunal de Apelaciones. **Le apercibimos que, el incumplimiento con lo ordenado daría lugar a la desestimación del recurso**. De otra parte, le concedimos a la parte recurrida hasta el 26 de octubre de 2023, para que expresara su posición en torno al recurso de epígrafe, con el correspondiente apercibimiento de que, transcurrido el término dispuesto, el recurso se tendría por perfeccionado para su adjudicación final.

A esos efectos, el 19 de octubre de 2023, la parte peticionaria presentó ante este foro *Moción en Cumpli[miento] de Orden Regla 33*, en la que afirmó haber notificado el recurso, razón por la cual, dimos por cumplida nuestra orden.[4]

No obstante, el 23 de octubre de 2023, la parte recurrida interpuso una *Moción en Solicitud de Desestimación por Notificación*

---

[2] 4 LPRA Ap. XXII-B, R.33(A).
[3] 4 LPRA Ap. XXII-B, R.33(B).
[4] Mediante *Resolución* emitida el 20 de octubre de 2023.

*Inadecuada y por Incumplimiento con la Regla 33(B) del Reglamento del Tribunal de Apelaciones*, en la cual, arguyó que la parte peticionaria le notificó el recurso el **14 de octubre de 2023** –fuera del término dispuesto[5]–, de una forma desorganizada y sin orden lógico. Apuntó, además, que la notificación no fue adecuada, ya que la parte peticionaria no incluyó la página número cuatro (4) del escrito de *Certiorari.* A razón de lo anterior, solicitó la desestimación del recurso.

Mediante *Resolución* emitida el 25 de octubre de 2023, le concedimos a la parte peticionaria hasta el 3 de noviembre de 2023, para exponer su posición en cuanto a la moción presentada por la parte recurrida. En igual fecha, la parte peticionaria presentó *Moción Informativa y en Solicitud/ Notificaciones por Correo Electrónico a la Parte Recurrida,* y una *Moción en Oposición a Desestimación de Certiorari.* Acotó haber notificado el recurso de epígrafe a la parte recurrida y, nos solicitó que no desestimáramos el mismo.

El 26 de octubre de 2023, la parte recurrida presentó su *Alegato en Oposición a Expedición de Auto de Certiorari.* Posteriormente, interpuso *Moción en Solicitud de Reconsideración*[6], con relación a nuestra *Resolución* del 20 de octubre de 2023. Además, presentó la *Réplica a "Moción Informativa y en Solicitud/ Notificaciones por Correo Electrónico a la Parte Recurrida",* y la *Réplica a "Moción en Oposición a Desestimación de Certiorari".*[7]

Subsiguientemente, el 2 de noviembre de 2023, la parte peticionaria incoó la *Moción en Cumplimiento de Orden,* en la cual, reiteró su oposición a la desestimación del recurso.

---

[5] 4 LPRA Ap. XXII-B, R. 33(B).
[6] Presentada el 30 de octubre de 2023.
[7] Ambas presentadas el 1 de noviembre de 2023.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 2023 TSPR 40, 211 DPR ___ (2023); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles,* supra, pág. 500. La ausencia de jurisdicción puede ser levantada *motu proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014); *Suffront v. AAA,* supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[8], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento del recurso

Nuestra Máxima Curia ha dispuesto que, para que un recurso quede perfeccionado, es necesaria la notificación de su presentación a todas las partes oportunamente. *Metro Senior v. AFV*, 209 DPR 203, 209 (2022); *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062, 1071 (2019). La Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(D), dispone que, los recursos de *certiorari* para revisar órdenes del foro de primera instancia deberán presentarse dentro del término de treinta (30) días contados a partir del archivo en autos de una copia de la notificación de la orden recurrida. Bajo este supuesto, respecto a la notificación del recurso de *certiorari* a las partes, la Regla 33(B) del Reglamento del Tribunal de Apelaciones, *supra*, dispone lo siguiente:

> La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, así como al Procurador General o Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, **dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto.**[9] *(Énfasis suplido).*

Según puede observarse, el término antes dispuesto es de cumplimiento estricto. Con relación a los términos de cumplimiento estricto y jurisdiccionales, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013), lo siguiente:

---

[8] 4 LPRA Ap. XXII-B, R. 83.
[9] 4 LPRA Ap. XXII-B, R. 33(B).

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente en *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 170 (2016), al indicar que "los tribunales *no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente*"[10]. En el aludido caso[11], el Tribunal Supremo dispuso lo siguiente:

> [E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto **solo cuando la parte que lo solicita demuestra justa causa para la tardanza**. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.[12] En conformidad con esto, [nuestra última instancia judicial] ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: **(1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida**.[13] *(Énfasis nuestro).*

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo […] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra,* 109 DPR 536, 539 (1980). Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group,* supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito-

---

[10] *Soto Pino v. Uno Radio Group,* supra, pág. 93.
[11] *Rivera Marcucci et al. v. Suiza Dairy,* supra, pág. 171.
[12] *Soto Pino v. Uno Radio Group,* supra, pág. 92.
[13] *Id.*, pág. 93.

que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group*, supra, pág. 93, citando a *Febles v. Romar*, 159 DPR 714, 720 (2003).

Ha sido reiterado que, las normas que rigen el perfeccionamiento de los recursos deberán ser observadas rigurosamente. *Íd.* pág. 90*; UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017).

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[14] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[15]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

---

[14] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[15] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. FSE*, 145 DPR 122, 130 (1998).

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

En el caso ante nos, la señora Molina Fonseca nos solicita que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, en la cual, se le impuso una sanción económica de trescientos dólares ($300.00). A raíz de ello, la parte peticionaria presentó la *Moción en Solicitud de Reconsideración*, la cual fue declarada No Ha Lugar el 13 de septiembre de 2023.

Al examinar el expediente, pudimos constatar que la parte peticionaria acudió ante este foro revisor el 13 de octubre de 2023, dentro del término de treinta (30) días dispuesto en nuestro Reglamento[16], para presentar el recurso de *Certiorari*. Empero, conforme al derecho reseñado, para que el recurso quede perfeccionado, entre otros, este deberá notificarse a la otra parte dentro del término dispuesto para su presentación.[17]

En el caso de marras, la parte peticionaria notificó a la parte recurrida sobre el recurso de epígrafe el **14 de octubre de 2023** –a los treinta y un (31) días–, es decir, fuera del término de treinta (30) días provisto por este tribunal para notificar la presentación del recurso. A pesar de que el mencionado término es de cumplimiento estricto y puede ser prorrogado por el Tribunal, era el deber de la parte peticionaria acreditar justa causa para su notificación tardía.[18] No surge que la parte peticionaria haya demostrado justa causa para su dilación, por ello, en ausencia de esta nos vemos imposibilitados de atender el recurso. A lo anterior se añade el

---

[16] 4 LPRA Ap. XXII-B, R. 32(D)
[17] 4 LPRA Ap. XXII-B, R. 33(B).
[18] *Soto Pino v. Uno Radio Group*, supra, pág. 92.

hecho de que la parte peticionaria notificó un recurso incompleto, al cual, según aduce la parte recurrida, le faltan páginas y anejos.

Es normativa reiterada que, para que un recurso quede perfeccionado es necesaria su oportuna notificación.[19] Por tanto, el incumplimiento con las disposiciones sobre forma, contenido, presentación y notificación de los recursos puede conllevar la desestimación de estos.

En consecuencia, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[20], la cual nos confiere facultad para desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de *Certiorari* por falta de jurisdicción por notificación tardía e inadecuada.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] *González Pagán et al. v. SLG Moret-Brunet,* supra, págs. 1070-1071.
[20] 4 LPRA Ap. XXII-B, R. 83(C).